**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4420**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

XAVIER SHAMAAR JOHNSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00023-FL-1)

Submitted:  March 1, 2019                    Decided:  March 11, 2019

Before WYNN and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

James C. White, Michelle M. Walker, PARRY TYNDALL WHITE, Chapel Hill, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Shamaar Johnson seeks to appeal his convictions and 197-month sentence, imposed following his guilty plea, pursuant to a plea agreement to possession with the intent to distribute quantities of marijuana, heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012), and possession of firearms by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Johnson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Johnson received ineffective assistance of counsel during the plea process and whether the district court erred in calculating Johnson's advisory Guideline range. Johnson did not file a pro se supplemental brief. The Government has moved to dismiss the appeal on the basis of the appellate waiver provision in Johnson's plea agreement. We affirm in part and dismiss in part, and we deny Johnson's motion to reconsider the order suspending the briefing schedule.

Johnson's plea agreement included an appellate waiver, in which he waived all rights to appeal the conviction and sentence, excepting a sentence in excess of the advisory Guidelines range, or on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Johnson at the time of the plea. "We review the validity of an appellate waiver de novo." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Generally, if the district court fully questions a defendant regarding the waiver of the right to appeal during the Fed. R. Crim. P. 11

colloquy, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Our review of the record leads us to conclude that Johnson knowingly and intelligently waived the right to appeal his conviction and sentence. Johnson's challenges to the district court's calculation of the advisory Guidelines range fall squarely within the scope of the waiver. Accordingly, we dismiss the appeal as to these claims.

Johnson's claim of ineffective assistance of counsel is outside of the scope of the appeal waiver. This court will not generally review claims of ineffective assistance of counsel on direct appeal, however, unless the attorney's ineffectiveness appears conclusively on the face of the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We are not persuaded that Johnson's counsel's alleged ineffectiveness appears conclusively on the face of the record. Thus, any such claim may be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012).

In accordance with *Anders*, we have thoroughly reviewed the record for any other potentially meritorious issues outside the scope of Johnson's appeal waiver and have found none. Therefore, we affirm in part as to any potential claims not foreclosed by the waiver provision, and dismiss the appeal in part as to those claims encompassed by the waiver. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*